## Kaluza v. Kalla

*Murray R. Graber*, for plaintiff.

*F. Jefferson Bragdon* of *Plowman & Spiegel*, for defendant.

*W. Scott Calderwood* of *Mervine & Calderwood*, for additional defendant.

WOLFE, P. J., April 12, 1972.—For disposition is the petition of defendant, Continental Casualty Company, to dismiss plaintiff's complaint in assumpsit against it for the reason this court lacks jurisdiction of the subject matter.

The facts to resolve the petition are not in dispute. Plaintiff's action is in assumpsit, alleging plaintiff leased and rented equipment to defendant, Kalla, in the latter's performance of his contract with the United States Department of Agriculture, Forest Service, in connection with Allegheny National Forest, for construction of the Fishburn Boat Launch Road #701.2 at or near Kinzua Reservoir in Warren County. The complaint alleges defendant, Kalla, failed to pay for the leased equipment and defendant, Continental

Casualty Company, guaranteed payment of claims due by defendant, Kalla, to persons supplying services and materials by a bond undertaking. Thus, plaintiff seeks recovery against Kalla in assumpsit and against Continental Casualty Company on its bonding obligations to Kalla as surety.

The motion is grounded in the Miller Act of August 24, 1935, 49 Stat. 793, as amended, 10 U.S.C. §270a, et seq., and, specifically section 270b(b) providing:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit. . . ."

Koppers Company v. Continental Casualty Company, 337 F.2d 499, 502 (8th Cir., 1964), makes it clear the motion must be granted. Adopting for this opinion the reasoning for exclusive Federal jurisdiction involving bonds written by virtue of the Miller Act to cover public work of the United States and disputes occurring by reason thereof the court stated:

" '. . . the common characteristics of these construction projects; the fact that participants who join in them often come from various parts of the country; the realization that there is a need for a practicable and yet a fair and reasonable means of assembling in one forum all the interested parties who were ready enough initially to devote their constructional abilities to a project in the local area * * *; and the awareness that delay and expense otherwise to be incurred by multiple litigation in geographically separated forums will thereby be avoided . . .' "

There is nothing in the current case compelling any holding to the contrary and consequently the court finds it has no jurisdiction over defendant Continental

Casualty Company and the motion must be granted and the case dismissed as to it.

## ORDER

And now, to wit, April 12, 1972, the motion to dismiss the complaint as against Continental Casualty Company is granted. Exceptions noted to plaintiff.